**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |
|---|---|
| **RAYMOND FRANK BROWN,** | * |
| *Petitioner*, | * |
| v. | * Criminal No. RWT-13-0154 |
|  | * Civil No. RWT-16-1834 |
| **UNITED STATES OF AMERICA,** | * |
| *Respondent*. | * |

## MEMORANDUM OPINION AND ORDER

On June 2, 2016, Petitioner Raymond Frank Brown ("Brown"), through counsel, filed a Motion to Vacate, Set Aside, or Correct a Sentence Under 28 U.S.C. § 2255. ECF No. 52 (deferring full briefing and asking for leave to supplement his petition at a later time). On July 26, 2017, Brown's counsel withdrew from the case, and Brown's petition proceeded *pro se*. *See* ECF No. 54. On February 23, 2018, the Government responded in opposition to Brown's petition. ECF No. 55. To date, Brown has not filed any reply.

Brown's abbreviated petition asserts an argument arising from *Johnson v. United States*, 135 S. Ct. 2551 (2015). *See* ECF No. 52. Specifically, Brown challenges the United States Sentencing Guidelines ("U.S.S.G.") § 2K2.1(a)(2) offense level increase in the calculation of his sentence. *See id.* Brown argues that his prior convictions were not "crimes of violence" under U.S.S.G. § 4B1.2(a), and that his prior convictions cannot qualify under U.S.S.G. § 4B1.2(a)(2) in light of *Johnson* because the residual clause is void for vagueness. *See id.*

However, subsequent to Brown's petition, the Supreme Court held that "the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause and that § 4B1.2(a)'s residual clause is not void for vagueness." *Beckles v. United States*, 137 S. Ct. 886,

895; *see* ECF No. 55 (arguing that "*Beckles* has foreclosed [Brown's] *Johnson* claim"). Since this was the only issue raised, the Court must deny Brown's petition.

Brown may not appeal this Court's denial of relief under § 2255 unless it issues a certificate of appealability. *United States v. Hardy*, 227 F. App'x 272, 273 (4th Cir. 2007). A certificate of appealability will not issue unless Brown has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012); *Hardy*, 227 F. App'x at 273. "A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable." *United States v. Riley*, 322 F. App'x 296, 297 (4th Cir. 2009). The Court has assessed Brown's petition and determined that no reasonable jurist could find merit in any of his asserted claims. Accordingly, no certificate of appealability shall issue.

Based on the foregoing, it is, this 25th day of April, 2018, by the United States District Court for the District of Maryland,

**ORDERED**, that Brown's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [ECF No. 52] is hereby **DENIED**; and it is further

**ORDERED**, that a certificate of appealability **SHALL NOT ISSUE**; and it is further

**ORDERED**, that the Clerk is hereby **DIRECTED** to mail a copy of this Memorandum Opinion and Order to Brown; and it is further

**ORDERED**, that the Clerk is hereby **DIRECTED** to close Civil Action No. RWT-16-1834.

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE